ATTORNEY FOR APPELLANT
John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Wade James Hornbacher
Deputy Attorney General
Indianapolis, Indiana

In the
Indiana Supreme Court

**FILED**
Jun 28 2011, 11:58 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 48S04-1106-CR-386

RANDY HORTON,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Madison Superior Court, No. 48D03-0903-FA-88
The Honorable Thomas Newman, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 48A04-1001-CR-89

**June 28, 2011**

**Sullivan, Justice.**

Randy Horton was convicted following a jury trial of six counts of child molesting as Class A felonies and three counts of child molesting as Class C felonies.[1]  He was sentenced to an executed term of 324 years in prison.

---
[1] Ind. Code § 35-42-4-3 (2008).

Horton appealed his conviction on grounds that the trial court had improperly admitted certain evidence at trial. He also appealed his sentence on grounds that it constituted an abuse of the trial court's discretion to sentence him to such a lengthy term and that the term was inappropriately long given his character and the nature of his offenses. The Court of Appeals rejected these claims and affirmed in all respects. Horton v. State, 936 N.E.2d 1277 (Ind. Ct. App. 2010). We grant transfer under Indiana Appellate Rule 58(A) to address the sentencing claims.[2]

The Court of Appeals sets forth in explicit detail the grisly facts most favorable to the judgment. For more than six months, Horton subjected his girlfriend's seven-year-old daughter to daily sexual violation of her mouth, breasts, hands, vagina, and anus, and violently kicked her and pulled her hair. Id. at 1279-80. His abuse damaged her bowels and she contracted oral and genital herpes. Id. at 1280-81.

As noted above, Horton was convicted of a series of Class A and Class C felonies. The sentencing range for a Class A felony is 20 to 50 years, with an advisory sentence of 30 years, I.C. § 35-50-2-4, and for a Class C felony is two to eight years, with an advisory sentence of four years, I.C. § 35-50-2-6. The prosecutor requested and the trial court ordered that the maximum sentence be imposed for each count and that those sentences be imposed consecutively for a total term of 324 years. Tr. 833, 843.

Horton invokes this Court's authority under Article VII, Section 4, of the Indiana Constitution to "review and revise the sentence imposed" in any criminal case. Pursuant to this authority, we have promulgated a rule providing that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B).[3]

We proceed first to our consideration of the trial court's decision. As noted, the prosecu-

---

[2] On Horton's claim of error with respect to the admissibility of evidence, we summarily affirm the decision of the Court of Appeals. App. R. 58(A)(2).
[3] Horton also seeks a declaration that the sentence constitutes an abuse of the trial court's discretion. Because of our resolution of his appropriateness claim, we find it unnecessary to address this issue.

tor requested and the trial court imposed the maximum possible sentence of 324 years. In explaining its decision, the trial court identified the following aggravating circumstances supporting the sentence:

1.	Horton took advantage of a position of trust with the victim, abusing her while her mother was asleep.

2.	The nature of the offenses consisted of "horrific and unusual physical things" that continued over a lengthy period of time.

3.	The abuse may well have caused lasting psychological consequences and it did cause physical consequences in that the victim contracted herpes.

4.	Horton "smugly" professed his innocence despite the fact that the victim contracted herpes.

5.	The offenses occurred in the victim's bedroom which for a child of this age should be a "significant shelter" or "sanctuary."

Tr. 840-42. The court also indicated that in its experience, children who are taken advantage of at this age "don't understand that this is wrong" because they have no relevant experience with which to compare. Id. at 842. Finally, the court acknowledged that Horton's lack of any prior criminal history was a mitigating circumstance but found it to be "[d]e-minimis." Id. at 840.

Like the prosecutor, the trial court judge, and the judges on the Court of Appeals, our heart goes out to the innocent child who was a victim of Horton's crimes. Given the evidence in support of the judgment referred to by the trial court judge in his sentencing order and detailed by the Court of Appeals in its opinion, imposing a significantly enhanced sentence is warranted. In reviewing this sentence, we find the approach articulated in Cardwell v. State, 895 N.E.2d 1219 (Ind. 2008), to be helpful:

> The principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes . . . . [A]ppellate review should focus on the forest – the aggregate sentence – rather than the trees – consecutive or concurrent, number of counts, or length of the sentence on any individual count.
>
> The circumstances do, however, bear on whether consecutive sentences are appropriate. Whether the counts involve one or multiple victims is highly re-

3

levant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses. Similarly, additional criminal activity directed to the same victim should not be free of consequences. Finally, the nature of the crime can certainly be significant. All of these circumstances must be balanced in view of the fact that the legislature has already built into its sentencing range the consequences to victims, moral revulsion, and other factors inherent in the crime.

Id. at 1225 (footnote omitted); see also Akard v. State, 937 N.E.2d 811 (Ind. 2010) (declining to revise the sentence imposed by the trial court).

Regarding the nature of the offenses here, we start with the Legislature's specification that the advisory sentences for Class A and Class C felonies are 30 and 4 years, respectively. We agree with the trial court that Horton's sentence should be enhanced above the advisory level because he did abuse the position of trust engendered by the fact that he lived in the same home with the victim's mother and that the victim called him "Dad." We also agree that the particular acts that the victim was subjected to and required to perform along with their frequency warrant enhancing the sentence above the advisory level. Finally, we concur that Horton's invasion of the victim's bedroom and causing her to contract herpes warrants still further enhancement of the sentence. We do agree with Horton that the absence of any other adult criminal history, coupled with the fact that his only juvenile adjudication was for truancy,[4] warrants credit as a mitigating circumstance.

In considering the general guidelines enunciated in Cardwell and other cases involving ongoing molesting of a child in a position of trust by a defendant with little prior criminal history,[5] we conclude that fully enhancing the sentence for one Class A felony to 50 years is warranted. In addition, we conclude that the particular acts that the victim was subjected to and required to perform warrants an additional term of 30 years. Finally, we conclude that Horton's causing the victim to contract herpes warrants a second additional term of 30 years. According-

---

[4] We acknowledged that Horton was apparently "not very successful while on probation" following the truancy violation. Tr. 838.
[5] See, e.g., Harris v. State, 897 N.E.2d 927 (Ind. 2008) (50-year executed sentence); Smith v. State, 889 N.E.2d 261 (Ind. 2008) (60-year executed sentence); Monroe v. State, 886 N.E.2d 578 (Ind. 2008) (50-year sentence); Walker v. State, 747 N.E.2d 536 (Ind. 2001) (40-year executed sentence imposed using prior "manifestly unreasonable" standard of appellate review).

4

ly, we revise Horton's sentence to an aggregate executed term of 110 years, as follows: Count I: the maximum term of 50 years; Count II through VI: the advisory term of 30 years on each count; Counts VII through IX: the advisory term of four years on each count; the sentences on Counts I, II, and III served consecutive to each other; and all other counts served concurrent with each other.

We remand this case to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a revised sentence consistent with this opinion, without hearing.

Shepard, C.J., and Dickson, Rucker, and David, JJ., concur.