**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 27 2012, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEFFIN T. MCFALL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 20A03-1109-CR-410 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0810-FA-54

**March 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Steffin T. McFall appeals his sentence following his convictions for five counts of child molesting, each as a Class A felony. McFall raises a single issue for our review, namely, whether his eighty-year aggregate sentence is inappropriate in light of the nature of the offenses or his character. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Between September 1, 2007, and October 28, 2008, McFall lived with his eleven-year-old stepdaughter, B.G., in Middlebury. During that timeframe, McFall molested B.G. four or five times every week. McFall's assaults included deviate sexual conduct.

After an assault in the early morning hours of October 28, 2008, B.G. reported McFall to her counselor at school, who contacted Child Protective Services. In a subsequent interview with the police, McFall claimed that he was tickling B.G. at 3:00 a.m. when "his finger accidentally slipped into [her] vagina." Transcript at 209. McFall also stated that "his penis, which was hanging[] from . . . [loose fitting] boxers, probably bumped her vagina." Id. at 210.

The State charged McFall with five counts of Class A felony child molesting. At his ensuing jury trial, B.G. testified that McFall was like a living "nightmare" and that, while she could not remember the exact number of times he assaulted her, it was "more than ten times" and he "placed his penis in [her] mouth" and her "vagina . . . almost every time." Id. at 142, 148, 156-57. The jury found McFall guilty as charged.

Thereafter, the trial court ordered McFall to serve forty years for each conviction, with counts I and V to be served consecutively and all other counts to be served concurrent with those two counts. The court explained its sentencing decision as follows:

> In arriving at that enhancement, the court notes that there were five convictions of Child Molest perpetrated by this defendant on his stepdaughter. Those five convictions resulted from acts which took place over a span of time in excess of one year. The court also considers the fact that the defendant occupied a position of trust with respect to his victim; he was her stepfather. She testified at trial that he loved her—she loved him—and considered him to be her father.
>
> The court also takes into account the fact that the defendant's other children and stepchildren were present in the home when he molested this child, and, on at least one occasion, were present—one child was present in the same room that the molestation occurred when it occurred. The court has also taken into consideration the fact that the defendant has no prior criminal convictions. Weighing all of those circumstances, the court concludes that the enhanced sentences imposed are appropriate.

Id. at 327.[1] This appeal ensued.

## DISCUSSION AND DECISION

McFall argues that his eighty-year sentence is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and her character. See Ind. Appellate Rule 7(B); Rutherford v.

---

[1] The trial court's written sentencing order erroneously states that McFall has a criminal history. Neither party suggests that this conflict between the court's written and oral statements affected McFall's sentence, and, on appeal, we acknowledge that McFall has no prior criminal history.

State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference."  Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008).  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented.  See id. at 1224.  The principal role of appellate review is to attempt to "leaven the outliers."  Id. at 1225.  Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case."  Id. at 1224.

On appeal, McFall contends that his case is analogous to the facts of Harris v. State.  In that case, the defendant twice molested his girlfriend's eleven-year-old daughter, for which the trial court imposed a 100-year sentence.  On appeal, our supreme court revised the defendant's sentence to an aggregate term of fifty years.  Harris v. State, 897 N.E.2d 927 (Ind. 2008).  McFall believes Harris is controlling because, like McFall, the defendant in that case abused a position of trust with an eleven-year-old daughter figure.

McFall has not carried his burden of demonstrating that his sentence is an outlier on these facts. He repeatedly and routinely raped his stepdaughter in their home. Unlike Harris, McFall did not rape his stepdaughter twice but four to five times per week for more than a year. The facts demonstrate an unmistakable pattern of deliberate conduct in which McFall not only repeatedly abused a position of trust with his minor stepdaughter but also exposed other children to his physical and psychological abuse of their sibling. Further, McFall's lack of a prior criminal history was taken into account by the trial court in imposing his eighty-year sentence, and we are not persuaded that the trial court inappropriately considered that fact. See, e.g. Horton v. State, 949 N.E.2d 346, 349 (Ind. 2011). As such, we hold that McFall's sentence is not inappropriate in light of the nature of the offenses or his character.

Affirmed.

RILEY, J., and DARDEN, J., concur.