**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Mar 29 2012, 9:19 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANNY R. BAILEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1108-CR-398 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-1006-FA-569

**March 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Danny R. Bailey appeals the forty-year aggregate sentence that was imposed following his conviction for Child Molesting,[1] a class A felony, Child Molesting,[2] a class C felony, and Incest,[3] a class B felony. Specifically, Bailey maintains that the sentence was excessive and an aggravated sentence was not warranted on the class A felony child molesting conviction, particularly because he has no prior criminal history. Concluding that Bailey has failed to show that the sentence was inappropriate, we affirm the judgment of the trial court.

## FACTS

M.B., who is Bailey's biological daughter, was born on March 10, 1996. Bailey and M.B.'s mother later divorced and Bailey exercised parenting time with M.B. on weekends and a few hours on Wednesdays at his residence in Evansville.

During one of these visits, prior to 2007, Bailey asked M.B. to go into her room so he could show her how to use a vibrator. The vibrator belonged to Bailey and his second wife. Bailey ordered M.B. to lie on the bed and remove her clothes. After M.B. complied, Bailey rubbed M.B.'s vagina with his finger and the vibrator, and inserted his fingers and the vibrator into M.B.'s vagina. Bailey also told M.B. that she could "pleasure herself with a tampon." Tr. p. 78, 86-87.

---

[1] Ind. Code § 35-42-4-3(A)(1).

[2] I.C. § 35-42-4-3(B).

[3] Ind. Code § 35-46-1-3.

On another occasion, Bailey approached M.B. when she had stepped out of the shower. The only shower in the house was accessible through Bailey's bedroom. Bailey asked M.B., who was naked, "if he could check out [her] boobs to make sure [she] didn't have like breast cancer or something like that." Id. at 85-86. Bailey then "fondled, felt, and pressed," on M.B.'s breasts, and told her that they looked "perky." Id. at 86. Bailey would also walk in on M.B. on multiple occasions and have frequent talks with her about "items involving sexual activity," . . . and would ask if "her body . . . and boobs were doing ok." Id. at 87.

On June 8, 2010, the State charged Bailey with child molesting, a class A felony, under Count I, and child molesting, a class C felony, under Count II. The State subsequently amended the charging information to include Count III, felony incest, as a class B felony. Following a jury trial on March 31, 2011, Bailey was found guilty as charged.

At the sentencing hearing on July 5, 2011, M.B. asked for the maximum fifty-year sentence on Count I, and testified that "through my childhood I had to be around him the whole time and that really messed . . . me up." Tr. p. 64. The State argued that Bailey violated his position of trust with M.B. and sought a fifty-year sentence. Sent. Tr. p. 251-52.

In mitigation, Bailey pointed out that he has no prior criminal history, is gainfully employed, and has paid child support. The trial court determined that Bailey used his "position of a parent's guidance and twisted it into manipulating the child for basically

3

[his] own gain" and "to something in a perverted manner." Sent. Tr. p. 268-69. The trial court did not find that Bailey's work history was mitigating, because he had three different employers in two years. Id. at 269. The trial court found that the aggravating factor—Bailey's abuse of a position of trust—outweighed the mitigating factor—Bailey's lack of criminal history. As a result, the trial court sentenced Bailey to forty years of incarceration on Count I, six years on Count II, and to ten years on Count III. The sentences on Counts II and III were ordered to run concurrently with the forty-year sentence that was imposed in Count I. Bailey now appeals.

## DISCUSSION AND DECISION

In addressing Bailey's challenge to the appropriateness of his sentence, we may revise a sentence authorized by statute if the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). We exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

Under the current advisory sentencing scheme, the trial court has the inherent authority to impose any sentence within the statutory range. Anglemyer v. State, 868 N.E.2d 482, 489 (Ind. 2007). The defendant bears the burden of proving that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073,1080 (Ind. 2006).

In determining the appropriateness of a sentence, we examine the nature of the offense and the character of the offender. Id. Our review of the sentence should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count. Pierce v. State, 949 N.E.2d 349, 352 (Ind. 2011). And although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

As discussed above, Bailey was convicted of two counts of child molesting and one count of incest. One of the child molesting convictions was a class A felony, where the sentencing range for that offense is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The trial court enhanced the sentence ten years above the advisory sentence, and ordered the remaining sentences to run concurrently with it, which resulted in a forty-year aggregate sentence.

In our view, the facts of this case are perverse and revealing of Bailey's character. As to the details of the offense, we defer to the trial court's analysis:

> And, listening to the victim in this cause, when she stated that the Defendant had a good—he was good [at] making people believe what he wants them to basically. And, when this offense happened, your daughter was ten or eleven years old. And, under the guise basically of a father teaching his child, hearing the facts of this case, I find that it was basically you manipulating her and using this position where a father is teaching the

5

child to twist it from the concept of parental education to something in a perverted manner.

Tr. p. 268-69.

In other words, it is apparent that Bailey built up a façade of a church-going family man and preyed on his own daughter. As the trial court remarked, Bailey used his position as a parent and "twisted it into manipulating the child for basically [his] own gain." Id. at 267-70.

In support of the contention that the forty-year aggregate sentence was inappropriate, Bailey attempts to analogize the circumstances in this case with those in Horton v. State, 949 N.E.2d 346 (Ind. 2011), where our Supreme Court reviewed an aggregate sentence of 324 years on six counts of class A felony child molesting and three counts of class C felony child molesting and revised it to a total of 110 years. In specifically addressing the aggravating factor at issue here, the Horton Court commented that

> In considering the general guidelines . . . in . . . cases involving ongoing molesting of a child in a position of trust by a defendant with little prior criminal history, we conclude that fully enhancing the sentence for one Class A felony to 50 years is warranted.

Id. at 349. And a footnote in Horton regarding the propriety of the sentence provided that

> See, e.g., Harris v. State, 897 N.E.2d 927 (Ind. 2008) (50-year executed sentence [for two counts of class A felony child molestation]); Smith v. State, 889 N.E.2d 261 (Ind. 2008) (60-year executed sentence [for four counts of class A felony child molestation, merged with one count of class C felony and one count of class D felony child molestation]); Monroe v. State, 886 N.E.2d 578 (Ind. 2008) (50-year sentence [for five counts of class A felony child molestation]); Walker v. State, 747 N.E.2d 536 (Ind.

6

2001) (40-year executed sentence imposed using prior "manifestly unreasonable" standard of appellate review [for two counts of class A felony child molestation]).

Id. at 349 n.5. In light of the above, it is apparent that the Horton court determined that the maximum allowable sentence of fifty years for class A felony child molesting is appropriate for a defendant who, despite having little prior criminal history, has abused a position of trust.

In this case, Bailey committed the charged offenses over the course of nearly a year. Appellant's App. p. 18. In addition to the offenses that were charged, the record shows that Bailey walked in on M.B. on multiple occasions, would talk to her frequently about sexual activity, and ask whether her "boobs were doing ok." Tr. p. 87.

Given the nature of these offenses and Bailey's character, we cannot say that he has demonstrated that the forty-year sentence, which is ten years less than the maximum sentence for child molesting, a class A felony, was inappropriate. Thus, we decline to revise Bailey's sentence.

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.