## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 02 2018, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Ann Johnson
Marion County Public Defender
Indianapolis, Indiana

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian A. McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dectrick Price,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 2, 2018

Court of Appeals Case No.
49A02-1712-CR-2858

Appeal from the Marion Superior Court, Criminal Division

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1606-F1-24344

**Barnes, Senior Judge.**

# Case Summary

Dectrick Price appeals his convictions for two counts of Level 1 felony child molesting and one count of Class A misdemeanor intimidation. We affirm.

# Issues

Price raises one issue, which we restate as whether the trial court properly admitted the victim's recorded interview with a forensic child interviewer.

# Facts

In 2015, seven-year-old year old T.F. lived with her mother, stepfather, and two sisters, ten-year-old T.J. and four-year-old T.I. Price was a friend of T.F.'s stepfather. Price occasionally stayed with the family and babysat the children while their mother and stepfather worked the evening shift. At some point, Price started molesting T.F. T.J. witnessed Price molesting T.F. and threatened to tell their mother, but Price told T.J. that he would hit her if she told.

In October 2015, T.F.'s behavior changed, her grades dropped, she was disruptive at school, and she wanted to go to work with her mother. T.F.'s mother asked what was happening, but T.F. "wasn't telling [her] anything." Tr. Vol. II p. 31. In January 2016, T.F.'s family moved, and Price did not move with them. In March 2016, T.J. talked to her mother, and their mother then talked to T.F. T.F.'s mother took her to the hospital, and she was later interviewed by Jill Carr, a forensic child interviewer.

[5] The State charged Price with Count I, Level 1 felony child molesting for performing sexual intercourse with T.F.; Count II, Level 1 felony child molesting for performing other sexual conduct with T.F.; Count III, Level 5 felony battery; and Count IV, Class A misdemeanor intimidation for threatening T.F. and/or T.J. if they told what Price had done to T.F. The battery charge was later dismissed. At the jury trial, T.F. and T.J. testified regarding Price's actions. During cross-examination of T.F., Price questioned her regarding her interview with Carr. Later, during Carr's testimony, the trial court admitted T.F.'s recorded interview with Carr over Price's objection. The jury found Price guilty as charged, and the trial court sentenced him to an aggregate sentence of sixty-five years with five years suspended to probation. Price now appeals.

## Analysis

[6] Price argues that the trial court abused its discretion by admitting T.F.'s recorded interview with the forensic interviewer. The trial court has broad discretion to rule on the admissibility of evidence. *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014). We review the trial court's rulings for abuse of that discretion and reverse only when admission is clearly against the logic and effect of the facts and circumstances. *Id.* We disregard errors in the admission of evidence as harmless error unless they affect the substantial rights of a party. *VanPatten v. State*, 986 N.E.2d 255, 267 (Ind. 2013); *see also* Ind. Trial Rule 61. In determining whether error in the introduction of evidence affected the defendant's substantial rights, we assess the probable impact of the evidence

upon the jury. *Id.* "The improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011). Further, the admission of hearsay evidence is not grounds for reversal where it is merely cumulative of other evidence admitted. *VanPatten*, 986 N.E.2d at 267.

[7] Price argues that the trial court erred by admitting the recorded forensic interview of T.F.[1] Price contends that the recorded interview was hearsay and did not qualify for the exception found in Indiana Evidence Rule 803(5), which governs recorded recollections.[2] The State argues the recorded interview was admissible under *Horton v. State*, 936 N.E.2d 1277, 1281 (Ind. Ct. App. 2010), *summarily aff'd in relevant part by Horton v. State*, 949 N.E.2d 346 (Ind. 2011).

---

[1] Price makes no argument concerning the Protected Person's Statute, Indiana Code Section 35-37-4-6.

[2] Indiana Evidence Rule 803(5) provides that the following is not excluded by the rule against hearsay regardless of whether the declarant is available as a witness:

> A record that:
>
> (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately;
>
> (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and
>
> (C) accurately reflects the witness's knowledge.
>
> If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party.

[8]     We need not address Price's argument because any error in the admission of the recorded interview was harmless. Price argues that the recorded interview was "highly prejudicial" because "[m]uch of the evidence that came into the record was from this videotape, including nearly all evidence relating to Counts 2 and 4." Appellant's Br. p. 14. We disagree.

[9]     In Count I, the State charged Price with Level 1 felony child molesting, which required the State to prove that Price, who was over twenty-one years old, knowingly or intentionally performed sexual intercourse with T.F., who was under fourteen years old. In Count II, the State charged Price with Level 1 felony child molesting, which required the State to prove that Price, who was over twenty-one years old, knowingly or intentionally performed other sexual conduct with T.F., who was under fourteen years old. Indiana Code Section 35-31.5-2-221.5 defines other sexual conduct as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Price was also charged with Class A misdemeanor intimidation, which required the State to prove that Price communicated a threat to another person with the intent that "the other person engage in conduct against the other person's will." I.C. § 35-45-2-1(a)(1).

[10]    At the trial, T.F. testified that she would fall asleep in her room and that Price would carry her to the basement. T.F. testified that Price put his "private part" inside both the area she uses to "pee" and the area she uses to "poop." Tr. Vol. II p. 73. T.J. testified that she saw Price put "his private part in [T.F.'s] butt."

*Id.* at 48.  T.J. testified that T.F. was "bending over" forward and "crying" and that she saw Price's "private part" going inside T.F.'s body.  *Id.* at 49.  When questioned what she meant by "butt," T.J. testified it is the body part T.F. used to "[p]oop."  *Id.* at 50.  T.J. testified that she confronted Price and threatened to tell her mother.  Price said he would hit her if she told.

[11]  The evidence in T.F.'s recorded interview is merely cumulative of her testimony.  Even if we ignore the recorded interview, the State presented substantial independent evidence of guilt and there is no substantial likelihood the challenged evidence contributed to the convictions.  Any error in the admission of the recorded interview is harmless.  *See, e.g., VanPatten*, 986 N.E.2d at 267 (holding that the forensic nurse examiner's testimony was "merely cumulative and at most harmless error").

## Conclusion

[12]  Any error in the admission of the recorded interview was harmless.  We affirm Price's convictions.

[13]  Affirmed.

Vaidik, C.J., and Pyle, J., concur.