## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2015, 9:12 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Terry Twitty, Sr.<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# I N T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry Twitty, Sr.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | April 27, 2015<br><br>Court of Appeals Case No.<br>32A04-1410-CR-472<br><br>Appeal from the Hendricks Superior Court<br><br>The Honorable Karen M. Love, Judge<br><br>Cause No. 32D03-0212-FA-8 |

**Najam, Judge.**

## Statement of the Case

Terry R. Twitty, Sr., appeals the trial court's denial of his motion for modification of sentence. Twitty presents one issue for our review, namely, whether the trial court abused its discretion when it denied his motion. We affirm.

## Facts and Procedural History

On June 19, 2003, after a three-day trial, a jury convicted Twitty of five counts of child molesting, three counts as Class A felonies and two counts as Class C felonies. Subsequently, on August 14, 2003, the trial court sentenced Twitty to an aggregate sentence of 108 years in the Indiana Department of Correction. Twitty appealed, and we affirmed Twitty's convictions and his sentence. *See Twitty v. State*, No. 32A01-1001-PC-19, 2010 WL 3782054, at *1 (Ind. Ct. App. Sept. 29, 2010), *trans. denied*.

Later, Twitty filed a *pro se* petition for post-conviction relief, "in which he alleged that he received ineffective assistance of trial and appellate counsel." *Id.* With respect to his latter claim, Twitty contended that appellate counsel erred when it failed to "anticipate . . . changes to Indiana's sentencing laws . . . announced by our Supreme Court in *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005)." *Id.* at *2. The post-conviction court rejected Twitty's ineffective assistance of counsel claims but, nevertheless, "modified Twitty's sentence downward for an aggregate sentence of eighty-four years executed." *Id.* Twitty appealed the denial of his ineffective assistance of counsel claims, and the State

cross-appealed the downward modification of Twitty's sentence. *Id.* at *1. We affirmed the post-conviction court's denial of Twitty's ineffective assistance of counsel claims, but we reversed the downward modification of Twitty's sentence and ordered the post-conviction court to reinstate his original sentence.[1] *See id.* at *3-5.

[4] Following the disposition of his post-conviction claims, on December 20, 2012, Twitty filed a *pro se* motion for modification of sentence, which the trial court denied. However, on July 1, 2014, amendments to our criminal code took effect, and, on August 28, 2014, Twitty filed a second *pro se* motion for modification of sentence, this time under revised Indiana Code Section 35-38-1-17(c). The State objected to Twitty's motion, and the trial court denied the motion. This appeal ensued.

## Discussion and Decision

[5] Twitty contends that the trial court erred when it denied his second petition to modify his sentence, which Twitty filed pursuant to the current version of Indiana Code Section 35-38-1-17(c). "We review a trial court's decision to modify a sentence only for abuse of discretion. An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and

---

[1] The United States District Court for the Southern District of Indiana also recently denied a petition for a writ of *habeas corpus* filed by Twitty. *See Twitty v. Butts*, No. 1:12–cv–00985–TWP–MJD, 2013 WL 1975868 (S.D. Ind. May 13, 2013).

circumstances before the court." *Hobbs v. State*, 26 N.E.2d 983 (Ind. Ct. App. 2015).

[6] According to the provision of the Indiana Code relied on by Twitty:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(c).

[7] In *Hobbs*, we addressed the very same argument now presented by Twitty, and we stated:

> [Indiana Code Section 35-38-1-17(c)] became effective on July 1, 2014, as part of our General Assembly's overhaul of our criminal code pursuant to P.L. 158-2013 and P.L. 168-2014. It was not in effect at the time Hobbs committed his offense . . . ; rather, the law in effect at that time stated in relevant part: "If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney*." I.C. § 35-38-1-17(b) (2005) (emphasis added); *see also Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008) ("The sentencing statute in effect at the time a crime is committed governs the sentence for that crime.").
>
> Despite Hobbs' assertions to the contrary on appeal, there is no question that the current version of Indiana Code Section 35-38-1-17 does not apply to him. I.C. § 1-1-5.5-21 ("The general assembly does not intend the doctrine of amelioration . . . to

apply to any SECTION of P.L. 158-2013 or P.L. 168-2014"); *see also Marley v. State*, 17 N.E.3d 335, 340 (Ind. Ct. App. 2014) ("It is abundantly clear . . . that the General Assembly intended the new criminal code to have no effect on criminal proceedings for offenses committed prior to the enactment of the new code."), *trans. denied*. Hobbs' arguments to the contrary are without merit.

26 N.E.3d at 985 (emphasis in original).

[8] *Hobbs* is directly on point, and, therefore, Twitty's argument that Indiana Code Section 35-38-1-17 was intended to be retroactive is contrary to law. Twitty was convicted and sentenced in 2003. Under the law in effect at that time, if the State objected to a motion to modify sentence, a trial court could not grant the motion. Here, the State objected, and the trial court appropriately denied Twitty's motion. The court did not abuse its discretion when it did so.

[9] Affirmed.

Baker, J., and Friedlander, J. concur.