## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2017, 5:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dale D. Carter,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 7, 2017<br><br>Court of Appeals Case No.<br>02A03-1701-CR-26<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D04-1608-F6-887 |

**Robb, Judge.**

# Case Summary and Issue

[1] Dale Carter pleaded guilty to domestic battery, a Level 6 felony, and the trial court sentenced him to two and one-half years in the Indiana Department of Correction. Carter raises one issue on appeal: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In August 2016, police responded to a call from nine-year-old N.B. reporting Carter choked her mother, Naketa Burks, and threw her to the ground. Carter and Naketa were in a relationship at the time. According to the probable cause affidavit, N.B. hid in a closet while making the phone call. N.B. and Naketa both told law enforcement officers that Carter grabbed Naketa's throat and threw her to the ground by her hair.

[3] The State charged Carter with domestic battery in the presence of a child less than sixteen years of age and strangulation, both Level 6 felonies. On December 16, 2016, Carter and the State entered into a written plea agreement pursuant to which Carter agreed to plead open to domestic battery as a Level 6 felony in exchange for the State dismissing the strangulation charge.[1]

---

[1]It appears the State also alleged Carter was an habitual offender, although no such charging information appears in the appendix. The transcript makes clear, however, an habitual offender charge was dismissed pursuant to the plea agreement.

[4] After the sentencing hearing, the trial court found as mitigating factors that Carter showed remorse and took responsibility for his actions. As aggravating factors, the trial court noted Carter's criminal history, which includes six prior felony convictions, five misdemeanor convictions, and a probation revocation. The trial court also noted Carter committed the present offense while participating in a re-entry program and had failed prior rehabilitation attempts for substance abuse.

[5] The trial court concluded the aggravators outweighed the mitigators and sentenced Carter to two and one-half years in the Department of Correction. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

[6] We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*. At the end of the day, our determination will depend on "our sense of the culpability of the defendant, the severity of the crime, the damage done to

others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

## II.  Carter's Sentence

[7]     Carter pleaded guilty to domestic battery in the presence of a child less than sixteen years of age, a Level 6 Felony.  The sentencing range for a Level 6 felony is six months to two and one-half-years, with an advisory sentence of one year.  Ind. Code § 35-50-2-7.  As to the nature of the offense and his character, Carter argues he should not have been sentenced above the advisory sentence because he accepted responsibility for his actions, showed remorse, and expressed a desire to end his substance abuse and found a support group to help him do so.  We disagree.

[8]     First, we consider the nature of Carter's offense.  Carter grabbed his girlfriend's throat and threw her to the ground by her hair while her daughter was present, necessitating the child make a call to the police.  The statute under which Carter was convicted requires the State to prove domestic battery occurred in the presence of a child less than sixteen years of age.  Naketa's daughter was only nine years old – well below the statutory requirement.

[9]     Next, we consider Carter's character.  When considering the character of the offender, one relevant factor is the defendant's criminal history.  *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2017), *trans. denied*.  As noted by the trial court, Carter has a significant criminal history with numerous misdemeanors and felonies.  "The significance of a defendant's criminal history varies based on the

gravity, nature and number of prior offenses as they relate to the current offense." *Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008). Much of Carter's criminal history consists of convictions for drug possession, which are different in nature from the current crime, and gun-related offenses, and there is no evidence guns were involved here. However, Carter's recent criminal history also includes a conviction for attempted battery. Furthermore, Carter previously had his supervised release on probation revoked once, and committed the present offense while participating in a re-entry program. While Carter's promise to turn his life around is laudable, his prior contacts with law enforcement exhibit a disregard for the law and an unwillingness to abide by it that casts doubt on this self-serving claim. We also note Carter received a benefit from the plea agreement in that the other two charges against him were dropped. In sum, Carter's sentence is not inappropriate in light of the nature of the offense and his character.

# Conclusion

[10] We conclude Carter's sentence is not inappropriate and therefore affirm his sentence.

[11] Affirmed.

Vaidik, C.J., and Bailey, J., concur.