# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Contrell Hambright,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 9, 2017<br><br>Court of Appeals Case No.<br>02A03-1612-CR-2947<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1606-F4-47 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Contrell Hambright was convicted of child molesting, a Level 4 felony, and the trial court sentenced him to twelve years in the Indiana Department of Correction. Hambright raises one issue on appeal: whether his sentence is inappropriate in light of the nature of the offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On January 14, 2016, Hambright visited Kristina Russell's home. Russell lived with her two daughters, K.H. and P.R. Hambright is the father of K.H. but not P.R. Hambright spent the evening with Russell, K.H., and P.R. Russell mentioned she was donating plasma in the morning and Hambright asked if he could spend the night and watch the children while Russell was gone. Russell agreed. Russell, K.H., and P.R. had separate bedrooms. When they withdrew to their rooms for the night, Hambright fell asleep on the living room couch.

[3] Russell left early the next morning to donate plasma. After Russell left, Hambright entered K.H.'s room, where K.H. was laying on her bed on her stomach. Hambright began massaging K.H.'s buttocks over her pajama pants. Hambright then pulled down K.H.'s pajama pants and underwear and continued massaging her buttocks. Soon after, Hambright placed his leg over K.H.'s leg such that his "private area" touched her buttocks. Transcript, Volume 2 at 19. Hambright tried to "go down farther, closer to [K.H.'s] private

area, but [K.H.] kept [her] legs tightly shut." *Id*. K.H. screamed out for P.R. When P.R. did not respond, K.H. started crying. Hambright asked K.H. what was wrong and K.H. did not respond. Hambright continued pushing toward K.H.'s private area for another five minutes before leaving the room.

[4] K.H. immediately texted Russell to ask when she was coming home. Russell responded she was on her way. K.H. locked herself in the bathroom and called Russell to ask if she and P.R. could go outside. Russell approved. K.H. and P.R. waited outside until Russell arrived, at which point K.H. told Russell she wanted Hambright to leave and not visit anymore. Russell asked what was wrong and K.H. informed Russell that Hambright touched her inappropriately. Russell took K.H. to the hospital and Child Advocacy Center, where a sexual assault examination was performed. Perineum and external genital swabs taken from K.H. and samples from K.H.'s underwear tested positive for seminal fluid matching Hambright's DNA profile.

[5] The State charged Hambright with child molesting, a Level 4 felony. At trial, Hambright claimed he had no memory of the events because he blacked out from smoking marijuana and spice, and ingested Xanax and OxyContin hours before entering K.H.'s room. He also reported being diagnosed with a learning disability in 1989 and bipolar disorder in 2013. The trial court found Hambright guilty as charged.

[6] At the sentencing hearing, the trial court rejected Hambright's proffered mitigating factors of diminished mental capacity and voluntary intoxication.

The trial court stated there was "no credible evidence in the record that support either of those as being a mitigator or causing the offense." Tr., Vol. 2 at 91. As aggravating factors, the trial court noted the following: Hambright's criminal history, including one juvenile adjudication, eight misdemeanors, and five prior felony convictions; Hambright's failed rehabilitation efforts, including having suspended sentences revoked twice and probation revoked three times; Hambright committed the present offense while serving a sentence on home detention; and Hambright held a position of trust since the victim was his daughter. The trial court also noted Hambright has eight children with seven different women and owed $10,000 in child support arrearage. The trial court sentenced Hambright to twelve years in the Department of Correction. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind.

2008). It is the defendant's burden to persuade this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Hambright's Sentence

[8] The trial court found Hambright guilty of child molesting, a Level 4 felony. The sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. Hambright contends his twelve-year sentence is inappropriate because he is not the "worst of the worst" offenders. Brief of Appellant at 13.

[9] Our supreme court has observed that "maximum possible sentences are generally most appropriate for the worst offenders." *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) (citation omitted). However, "[d]espite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario." *Id.* Therefore, when evaluating the appropriateness of the sentence, we should "concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character." *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*.

[10] As to the nature of the offense, Hambright admits "the fondling of one's own child is a 'horrendous' offense," but points to his voluntary intoxication to explain how he could commit such an offense. Br. of Appellant at 17.

However, as the trial court noted, Hambright provided no credible evidence in regard to his intoxication. Hambright molested his own daughter, and continued to do so for five minutes after she screamed for her sister and began crying. With these facts in mind, we cannot say Hambright's sentence is inappropriate in light of the nature of his offense.

[11] As to the character of the offender, Hambright argues his criminal history, while extensive, mostly consists of driving and substance abuse offenses. Hambright also contends his mental health and history of substance abuse should be considered.

[12] "The significance of a defendant's criminal history varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008). At age thirty-two, Hambright's criminal history is lengthy, including a juvenile adjudication for marijuana possession in 2001, three misdemeanor driving convictions for driving without a license from 2003 to 2004, a misdemeanor conviction for criminal trespass in 2004, a felony conviction for being an habitual traffic violator in 2006, a misdemeanor conviction for carrying a handgun without a license in 2010, a misdemeanor conviction for resisting law enforcement in 2011, a felony conviction for possession of a controlled substance in 2012, a felony conviction for domestic battery committed in the presence of a child in 2013, a felony conviction for operating a motor vehicle after the forfeiture of his license for life and a misdemeanor conviction for possession of marijuana in 2015, and a felony conviction for failure to return to lawful detention in 2016. Although

Hambright's criminal history includes no sex offenses, his criminal behavior has increased in depravity from driving offenses to domestic battery to the current offense of child molesting.

[13]  Further, Hambright owes $10,000 in child support arrearage despite only being ordered to pay child support for four of his eight children, all of whom live with their mothers. Hambright held a position of trust as K.H.'s father and violated that trust by touching her inappropriately. Hambright's failure to act as a father and appropriately care for his children reflects poorly on his character. In sum, Hambright's sentence is not inappropriate in light of the nature of the offense and his character.

# Conclusion

[14]  We conclude Hambright's sentence is not inappropriate and we therefore affirm his sentence.

[15]  Affirmed.

Vaidik, C.J., and Bailey, J., concur.