ATTORNEY FOR APPELLANT
James R. Reed
Morocco, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana



FILED
May 23 2008, 1:31 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 37S03-0805-CR-294

TROY MONROE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Jasper Circuit Court, No. 37C01-0409-FA-397
The Honorable John D. Potter, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 37A03-0612-CR-576

**May 23, 2008**

**Rucker, Justice.**

## Background

Between January 2002 and August 2004 Troy Monroe lived in the same household as A.R., along with A.R.'s mother, sister, and brothers. Monroe is the biological father of A.R.'s youngest brother.

In October 2002, after then nine-year-old A.R. alleged that then forty-one-year-old Monroe had molested her on numerous occasions over a two-year period, the State charged Monroe with ten counts of child molesting as Class A felonies. Five counts alleged that Monroe engaged A.R. in sexual intercourse and five counts alleged that he engaged her in deviate sexual conduct.

After a two-day trial beginning on August 15, 2006, the jury returned a verdict of guilty on the deviate sexual conduct counts but acquitted Monroe on the other counts.

On each of the five counts the trial court sentenced Monroe to a term of twenty-two (22) years imprisonment – eight years below the presumptive sentence for a Class A felony – with two (2) years suspended to probation. The trial court ordered the sentences to be served consecutively for a total executed term of one hundred (100) years. Monroe appealed raising several claims including that his sentence was inappropriate in light of the nature of the offense and his character. In an unpublished memorandum decision the Court of Appeals affirmed the judgment of the trial court. Monroe v. State, No. 37A03-0612-CR-576 (June 29, 2007). We now grant Monroe's petition to transfer to address his inappropriate sentence claim. In all other respects we summarily affirm the Court of Appeals' opinion.

## Discussion

We first observe that Monroe committed his crimes before the legislature amended Indiana's sentencing statutes to provide for "advisory sentences" rather than "presumptive sentences." See Pub. L. No. 71-2005 § 5 (codified at Ind. Code § 35-50-2-1.3 (2005)). Thus the prior presumptive sentencing scheme applies in this case. See Gutermuth v. State, 868 N.E.2d

427, 431 n.4 (Ind. 2007) (declaring that "the sentencing statute in effect at the time a crime is committed governs the sentence for that crime"). Under the prior scheme the standard or presumptive sentence for Class A felony child molesting was "thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances . . . ." I.C. § 35-50-2-4 (2004).

Also, under the prior presumptive sentencing scheme, when the trial court imposed a sentence other than the presumptive sentence, or imposed consecutive sentences where not required to do so by statute, this Court would examine the record to ensure that the court explained its reasons for selecting the sentence it imposed. Archer v. State, 689 N.E.2d 678, 683 (Ind. 1997). The trial court's statement of reasons was required to include the following components: (1) identification of all significant aggravating and mitigating circumstances; (2) the specific facts and reasons that led the court to find the existence of each such circumstance; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. Bryant v. State, 841 N.E.2d 1154, 1156 (Ind. 2006); Mitchem v. State, 685 N.E.2d 671, 678 (Ind. 1997).

In this case, at the sentencing hearing the trial court identified three aggravating circumstances: (1) a prior criminal record consisting of six misdemeanor convictions – which the trial court characterized as "not substantial;" (2) violation of a position of trust; and (3) the nature and circumstances of the offenses. App. at 344-45. The trial court mentioned no mitigating factors. Concluding "there [are] substantial aggravating factors for purposes of concurrent or consecutive [sentences]," App. at 345, the trial court sentenced Monroe as previously indicated.

It is certainly true that a trial court can impose consecutive sentences if warranted by the aggravating circumstances. Morgan v. State, 675 N.E.2d 1067, 1073 (Ind. 1996); see also I.C. § 35-38-1-7.1(b) (2004) (A court may consider aggravating circumstances in determining whether to impose consecutive sentences.). However, we have emphasized that before a trial court can impose a consecutive sentence, it must articulate, explain, and evaluate the aggravating circumstances that support the sentence. Lander v. State, 762 N.E.2d 1208, 1215 (Ind. 2002);

3

Sanquenetti v. State, 727 N.E.2d 437, 442 (Ind. 2000).  That did not happen here.  Although the trial court identified three aggravating circumstances, it does not explain why these circumstances justify consecutive sentences as opposed to enhanced concurrent sentences.  Indeed we find it ironic that despite a finding of aggravating circumstances, the trial court nonetheless imposed less than the presumptive sentence on each count.

We conclude that the trial court improperly sentenced Monroe, and thus elect to exercise our authority to review and revise the sentence.  The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed."  Ind. Const. Art. VII, § 4.  Pursuant to this authority, we have provided by rule that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).

Concerning the nature of the offense, under the prior scheme the presumptive sentence was the starting point the Legislature selected as an appropriate sentence for the crime committed.  Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004).  As indicated earlier the presumptive sentence for Class A felony child molesting was thirty (30) years.  But crimes against children are particularly contemptible.  Walker v. State, 747 N.E.2d 536, 538 (Ind. 2001).  And Monroe was in a position of trust with A.R., serving as a surrogate parent.  He molested this young child repeatedly for over two years.  Still, the five counts of child molestation were identical and involved the same child.  See id. (declaring defendant's consecutive sentence of eighty years for two counts of Class A felony child molesting manifestly unreasonable in part because "the two separate counts of child molestation were identical and involved the same child").  The nature and circumstances of Monroe's crimes coupled with his position of trust with the victim is sufficiently aggravating to warrant enhanced sentences.  However, we discern nothing to justify consecutive sentences.

As for the character of the offender, we make two observations. One, Monroe does have a criminal record apparently consisting of six driving related misdemeanor offenses.[1] However, the significance of aggravating factors "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Ruiz, 818 N.E.2d at 929. There is no indication here that driving was involved in the acts of child molesting. And obviously child molesting is manifestly different in nature and gravity from the misdemeanor offenses. Two, although listing Monroe's criminal history as an aggravating circumstance, the trial court gave it little weight declaring that it was "not substantial." App. at 344. We agree and do not find the aggravating weight of Monroe's criminal history sufficient to justify imposing consecutive sentences.

Although we find the aggravating circumstances sufficient to warrant imposing enhanced sentences for child molesting, we find nothing in the record to support imposing consecutive sentences. We therefore revise Monroe's sentence to the maximum term of fifty (50) years for each of the five counts of child molesting as Class A felonies and order that the sentences be served concurrently.[2] On remand the trial court may determine whether and to what extent any portion of the sentence should be suspended to probation.

**Conclusion**

The judgment of the trial court is affirmed in part and reversed in part. This cause is remanded for further consideration not inconsistent with this opinion.

Shepard, C.J., and Sullivan and Boehm, JJ., concur.
Dickson, J., concurs in the summary affirmance and dissents from the sentence revision.

---

[1] The record does not reveal the nature of these offenses. However, counsel for Monroe asserted that they were "driving related." App. at 342. The State does not refute this assertion.

[2] The record shows that the State recommended a total executed sentence of one hundred fifty (150) years, and the probation department recommended a forty (40) year sentence on each count with sentences to be served concurrently. App. at 340-41.