ATTORNEY FOR APPELLANT
David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court



_____

No. 48S02-0812-CR-637

LOUIS RICHARD HARRIS, JR.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Madison Circuit Court, No. 48C01-0306-FA-192
The Honorable Fredrick R. Spencer, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 48A02-0606-CR-532

_____

**December 11, 2008**

**Sullivan, Justice.**


Defendant Louis Richard Harris, Jr., seeks our review and revision of his sentence imposed for two counts of child molesting. The trial court ordered two consecutive sentences of 50 years each, for a total executed sentence of 100 years. We revise the sentences to be served concurrently.

## Background

Richard Louis Harris, Jr., lived with a woman and her daughter, D.G., for approximately ten years. Harris acted as a father to D.G., and she called him "Dad." In June of 2003, the family moved from Missouri to Anderson, Indiana. One night shortly after moving, Harris roused 11-year-old D.G. from her sleep and led her outside to the family's van. There, Harris engaged D.G. in sexual intercourse. Days later, on Father's Day, Harris requested D.G. engage in sexual intercourse. When D.G. initially refused, Harris told her it would be like a Father's Day gift. Again, Harris engaged D.G. in sexual intercourse. On June 19, 2008, Detective Kevin Smith of the Anderson Police Department, responding to an inquiry about the welfare of D.G. from out of state, interviewed D.G. During the interview D.G. revealed that Harris molested her. The State charged 32-year-old Harris with two counts of child molesting as Class A felonies. The jury found Harris guilty on each count. The trial court found several aggravating circumstances and no mitigating circumstances.

The trial court sentenced Harris to 50 years for each count of child molesting to be served consecutively for an aggregate sentence of 100 years. Harris appealed his sentence and convictions. In an unpublished memorandum decision, a majority panel of the Court of Appeals affirmed the trial court's decision. Louis Richard Harris, Jr. v. State, No. 48A02-0606-CR-532, slip. op., 881 N.E.2d 733 (Ind. Ct. App. February 27, 2008). Judge Riley dissented. Harris seeks transfer on, and we grant transfer to address, the sentencing issue only.[1]

## Discussion

The General Assembly amended Indiana's sentencing statutes in 2005. Prior to the amendments, Indiana used "presumptive" sentences, standard sentences prescribed by the legislature for a given crime. Francis v. State, 817 N.E.2d 235, 237 (Ind. 2004). A presumptive sentence served as the starting point and allowed the sentencing court limited discretion to

---

[1] In his brief to the Court of Appeals, Harris also contended that (1) the trial court erroneously admitted evidence of a police chase; and (2) he was deprived of a fair trial because of an improper closing argument. The Court of Appeals resolved these issues adversely to Harris. Harris, slip op. at 10, 16. We summarily affirm the decision of the Court of Appeals as to these issues. Ind. Appellate Rule 58(A)(2).

enhance a sentence to reflect aggravating circumstances or to reduce a sentence to reflect mitigating circumstances. Id. However, we held this scheme unconstitutional, Smylie v. State, 823 N.E.2d 679, 685 (Ind. 2005), following Blakely v. Washington, 542 U.S. 296 (2004). In response, the General Assembly eliminated fixed presumptive terms in favor of "advisory" sentences for each offense; it declared that a court could impose any sentence within the statutory range set for the crime, "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind. Code § 35-38-1-7.1(d) (2005). Under this scheme, when a trial court imposes a sentence, it must provide a statement including reasons or circumstances for imposing a particular sentence if aggravating or mitigating circumstances are found. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007).

The sentencing statute in effect at the time a crime is committed governs the sentence for that crime. Gutermuth v. State, 868 N.E.2d 427, 431 n.4 (Ind. 2007) (citing Smith v. State, 675 N.E.2d 693, 695 (Ind. 1996)). Harris committed his crimes before the legislature amended Indiana's sentencing statute. Consequently, the presumptive sentencing scheme applies. Under this prior scheme, for Class A felony child molesting, the standard or "presumptive" sentence prescribed by the legislature was "thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." I.C. § 35-50-2-4 (2004). In sentencing a defendant convicted on more than one count, judges had (and have) the authority to impose concurrent or consecutive sentences. I.C. § 35-50-1-2(c) (2004). Before a trial court could impose a consecutive sentence, it must have "(1) identified all significant aggravating and mitigating circumstances; (2) set forth the specific facts and reasons that lead the court to find the existence of each such circumstance; and (3) demonstrated that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence." Smith v. State, 889 N.E.2d 261, 262 (Ind. 2008) (citing Ortiz v. State, 766 N.E.2d 370, 377 (Ind. 2002)).

At Harris's sentencing hearing, the court identified three aggravating circumstances: (1) Harris abused his position of trust as the victim's father-figure; (2) Harris committed multiple acts of sexual misconduct other than the crimes charged; and (3) Harris's criminal history. The court identified no mitigating factors. The trial court found that the aggravating factors

outweighed the mitigating factors and sentenced Harris to 50 years for each count and ordered the sentences to run consecutively, for a total of 100 years. But the trial court did not explain why the aggravating circumstances warranted consecutive sentences as opposed to enhanced concurrent sentences. Thus, the trial court fell short of the requirement that it explain its reasons for selecting the sentence it imposed. See Lander v. State, 762 N.E.2d 1208, 1215 (Ind. 2002).

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed." Ind. Const. art. VII, § 4. Pursuant to this authority, we have provided by rule that "the Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). Rather than remand for a new sentencing order, we elect to exercise our authority to review and revise the sentence, as Harris has requested.

Regarding the nature of the offense, under the prior scheme the presumptive sentence was the starting point the legislature selected as an appropriate sentence for the crime committed. Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004). As previously indicated, the presumptive sentence for Class A felony child molesting was thirty (30) years. But we have held that crimes against children are particularly contemptible. Walker v. State, 747 N.E.2d 536, 538 (Ind. 2001). Harris argues the sentences on each count should be reduced because he is "far from being the worst type of offender." (Appellant's Br. at 11-12.) He asserts there was no gratuitous brutality during the act of intercourse or evidence of threats to keep D.G. from telling anyone. Generally, maximum sentences are appropriate for the worst offenders. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). "This is not, however, a guideline to determine whether a worse offender could be imagined. Despite the nature of any particular offense and offender, it will always be possible to identify or hypothesize a significantly more despicable scenario." Buchanan v. State, 767 N.E.2d 967, 973 (Ind. 2002). Furthermore, we have explicitly stated that the absence of physical harm to the victim is not an automatic mitigating circumstance barring an enhanced sentence. Walker, 747 N.E.2d at 538.

4

Harris was in a position of trust with D.G. D.G. believed Harris was her biological father and she called him "Dad." Moreover, the trial court found that Harris molested D.G. on multiple occasions other than the crimes charged. D.G. testified that Harris engaged her in sexual intercourse about twice a week since she was eight years old. We find the ongoing nature of Harris's crimes coupled with his position of trust sufficiently aggravating to justify enhanced sentences.

Considering the character of the offender, we observe as follows. The two counts of child molestation were identical and involved the same child. Id. (finding the defendant's consecutive sentence of eighty years for two counts of Class A felony child molesting manifestly unreasonable in part because the two counts were identical and involved the same child). In addition, Harris's criminal history consists of two Class D felonies involving theft and numerous traffic violations, some of which resulted in misdemeanor convictions.[2] Harris asserts his prior offenses are "manifestly different in nature from child molesting and fairly minor compared to Class A Felonies." (Appellant's Br. at 13.) The significance of a defendant's criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Ruiz, 818 N.E.2d at 929 (quoting Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999)). Here, nothing indicates the acts of child molestation involved driving or theft, and the current crimes are manifestly different in nature and gravity from the previous convictions. Though Harris's criminal history is not inconsequential, we conclude his convictions are not significant aggravators in relation to a Class A felony. See Harris, slip. op. at 20 (Riley, J., dissenting) (Harris's criminal history and the weight of the aggravators insufficient to justify imposing consecutive sentences).

Based on our review, we find aggravating circumstances sufficient to warrant imposing enhanced sentences for child molesting. However, we do not find the aggravating circumstances sufficient to justify imposing consecutive sentences. We revise Harris's sentence to 50 years for each count of child molesting as Class A felonies and order the sentences be served concurrently.

---

[2] The parties refer to a single prior felony conviction; however, the Pre-Sentence Investigation Report indicates two prior felony convictions, a Class D felony for receiving stolen auto parts, Cause Number 48E02-9203-CF-036, and a Class D felony theft, Cause Number 48E02-9902-DF-039.

## Conclusion

We summarily affirm the Court of Appeals with respect to Harris's convictions.  App. R. 58(A)(2).  We remand this case to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a revised sentence consistent with this opinion, without a hearing.

Shepard, C.J., and Dickson and Rucker, JJ., concur.

Boehm, J., concurs in result without separate opinion.