## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2018, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dylan J. Carley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 13, 2018

Court of Appeals Case No.
03A05-1708-CR-2014

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1601-F1-83

**Bradford, Judge.**

# Case Summary

[1] During the summer of 2015, twenty-one or twenty-two-year-old Appellant-Defendant Dylan J. Carley[1] engaged in sexual conduct with a fifteen-year-old minor. During the early morning hours of December 26, 2015, Carley engaged in sexual intercourse and other sexual behavior with an eleven-year-old minor. Appellee-Plaintiff the State of Indiana ("the State") subsequently charged Carley with two counts of Level 1 felony child molesting and one count of Level 4 felony sexual misconduct with a minor.

[2] On June 19, 2017, Carley pleaded guilty to the lesser-included offense of Level 3 felony child molesting under Count I, the lesser-included offense of Level 3 felony child molesting under Count II, and Level 4 felony sexual misconduct under Count III. In accordance with the terms of Carley's plea agreement, the trial court sentenced Carley to an aggregate forty-year sentence. The trial court ordered that thirty-six years of Carley's sentence be executed in the Department of Correction ("DOC") with four years suspended to probation. On appeal, Carley challenges his sentence, arguing that his aggregate forty-year sentence is inappropriate in light of the nature of his offenses and his character. We affirm.

# Facts and Procedural History[2]

---

[1] Carley turned twenty-two on June 30, 2015.

[2] The factual basis provided to the trial court during the guilty plea hearing included only a basic factual overview and lacked the details necessary to provide context to the reader. Therefore, to the extent

[3] At some point between June 1, 2015 and July 21, 2015, Carley, being at least twenty-one years of age, engaged in sexual conduct with fifteen-year-old A.S. A.S. subsequently reported that Carley had "had her perform oral sex upon him." Appellant's App. Vol. II–Confidential, p. 14.

[4] During the early morning hours of December 26, 2015, Carley engaged in sexual intercourse with eleven-year-old B.P. Also on this date, Carley engaged in other sexual conduct with B.P. B.P. reported that Carley "began kissing her and fondling her[,] … that he eventually pulled down her pants and proceeded to have sexual intercourse with her[,] … [and] he also had her perform oral sex upon him." Appellant's App. Vol. II–Confidential, p. 13.

[5] In connection to his acts involving B.P., on January 6, 2016, the State charged Carley with two counts of Level 1 felony child molesting. In connection to his acts involving A.S., the State charged Carley with one count of Level 4 felony sexual misconduct with a minor.

[6] On April 7, 2017, the State offered Carley a plea agreement, the terms of which provided as follows:

> 1. [Carley] shall plead guilty to the lesser included offense of Child Molesting as a Level 3 Felony under Count 1, the lesser included offense of Child Molesting as a Level 3 Felony under Count 2, and to Count 3, Sexual Misconduct with a Minor as a Level 4 Felony.

necessary, we will rely on information contained in the probable cause affidavit filed in the underlying case to provide context to the readers.

2. The State agrees the sentence shall not exceed 42 years.
3. The State agrees to not file any additional charges as a result of the investigation in this matter.

Appellant's App. Vol. II–Confidential, p. 53. Carley accepted the terms as offered. On June 19, 2017, the trial court conducted a guilty plea hearing. During this hearing, Carley pled guilty to two counts of Level 3 felony child molesting and one count of Level 4 felony sexual misconduct with a minor. The trial court accepted Carley's guilty plea.

[7] The trial court conducted a sentencing hearing on August 1, 2017. At the conclusion of this hearing, the trial court imposed consecutive fifteen-year sentences on each of the Level 3 felony convictions and a consecutive ten-year sentence on the Level 4 felony conviction, for an aggregate term of forty years. The trial court ordered that thirty-six years shall be executed in the DOC and the last four years suspended to probation. This appeal follows.

# Discussion and Decision

[8] Carley contends that his aggregate forty-year sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on

focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). Further, "[o]ur review under Appellate Rule 7(B) should focus on 'the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count.'" *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). "The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate." *Id*. (citing *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007)). The defendant bears the burden of persuading us that his sentence is inappropriate. *Id*.

[9] The nature of Carley's criminal actions is disturbing. Carley first victimized a fifteen-year-old child by having the child perform oral sex on him. He then victimized an eleven-year-old child by having that child both engage in sexual intercourse with and perform oral sex on him. Carley seems to have some form of an on-going familial relationship with his victims, the daughters of his aunt's boyfriend. The acts involving the younger child occurred while Carley's family was assembled together to celebrate the Christmas holiday.

[10] As for Carley's character, we acknowledge that Carley had a minor criminal history consisting of only a juvenile adjudication for a curfew violation and relatively minor driving offenses. However, the fact that his first felony offenses

involved the victimization of children does not reflect well on his character. Further, despite the fact that Carley has a relatively minor criminal history, the risk assessment score derived from the Indiana Risk Assessment System indicates that Carley is a "moderate risk to re-offend." Appellant's App. Vol. II–Confidential, p. 66.

[11] Carley also has a long-standing history of substance abuse. Carley indicated that he began using alcohol and drugs when he was fourteen years old. He also indicated that despite recognizing that he has a problem, he has never sought treatment for his drug use. This is especially troubling given that Carley indicated that he could not remember if he had been drinking when he committed his acts involving A.S., but that he was "heavily intoxicated" when he committed his acts involving B.P. Tr. Vol. II, p. 29.

[12] While it is true that Carley accepted responsibility for his actions by pleading guilty, Carley obtained a significant benefit by doing so. Although he had been charged with two Level 1 felony offenses, the State agreed that he would plead guilty to two lesser-included Level 3 felony offenses. Having two Level 1 felony child molesting charges reduced to Level 3 felony child molesting charges significantly limited his potential sentencing exposure. *See* Ind. Code § 35-50-2-4(c) (providing that a person who commits a Level 1 felony child molesting offense shall be imprisoned for a fixed term between twenty and fifty years); Ind. Code § 35-50-2-5 (providing that a person who commits a Level 3 felony shall be imprisoned for a fixed term between three and sixteen years). Carley's potential sentencing exposure was further limited by the terms of his plea

agreement. The trial court sentenced Carley in accordance with this agreement, imposing an aggregate term of less than the maximum permitted under the terms of the agreement.

[13] Furthermore, we are not persuaded by Carley's claim that it was inappropriate to run the sentences for his Level 3 felony convictions consecutive to one another as he merely engaged in one sexual episode with B.P. While it may be true that all of his actions involving B.P. occurred on one date, Carley committed a number of different sexual violations against B.P. He had her both engage in sexual intercourse with him and perform oral sex on him. We are unpersuaded by Carley's attempt to frame his actions as "foreplay" that often occurs during the normal course of a consensual adult sexual encounter. Appellant's Br. p. 12. Carley's "partner" in this so-called "foreplay" was not an adult, but an eleven-year-old child.

[14] In arguing that his sentence is inappropriate, Carley relies on *Sanchez v. State*, 938 N.E.2d 720 (Ind. 2010) and *Monroe v. State*, 886 N.E.2d 578 (Ind. Ct. App. 2008). In both *Sanchez* and *Monroe*, the Indiana Supreme Court found that the aggregate sentences imposed following the defendants' convictions for child molesting were inappropriate. In *Sanchez*, the Indiana Supreme Court concluded that although the defendant had committed serious crimes involving rubbing his step-daughters' vaginas, his eighty-year sentence was nonetheless inappropriate in light of the nature of his offenses and his character. 938 N.E.2d at 722–23. In reaching this conclusion, the Indiana Supreme Court noted that the defendant had not used significant force in committing his acts

and that he had a relatively minor criminal history. *Id.* The Indiana Supreme reduced the defendant's aggregate sentence to forty years. *Id.* at 723. In *Monroe*, the Indiana Supreme Court concluded that while an enhanced sentence was warranted in light of the nature of the defendant's offenses and his character, it was inappropriate to impose consecutive sentences. 886 N.E.2d at 580.

[15] However, the fact that Indiana Supreme Court reduced the defendants' sentences in *Sanchez* and *Monroe* does not prove that Carley's aggregate forty-year sentence is inappropriate. All three cases involve convictions for child molesting. Like *Sanchez*, the instant matter involves the victimization of two young children. We agree with the State that Carley's actions, *i.e.*, having two minors perform oral sex on him and the younger minor engage in sexual intercourse with him, are certainly no less egregious than those described in *Sanchez*. The aggregate forty-year sentence imposed in this case is the same as the reduced sentence imposed by the Indiana Supreme Court in *Sanchez*. Further, the aggregate forty-year sentence is less than the reduced fifty-year aggregate sentence imposed by the Indiana Supreme Court in *Monroe*. Each case turns on the specific facts and circumstances presented before the court. Given the facts and circumstances of this case, we find Carley's reliance upon *Sanchez* and *Monroe* to be unpersuasive.

[16] Again, Carley bears the burden of persuading us that his sentence is inappropriate. *Williams*, 997 N.E.2d at 1165. For the above-stated reasons, we conclude that Carley has failed to prove that his aggregate forty-year sentence is

inappropriate in light of the nature of his offenses and his character.  As such, we affirm the judgment of the trial court.

[17]   The judgment of the trial court is affirmed.


Robb, J., and Crone, J., concur.