



IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-499

## Corey R. Faith,

*Appellant-Defendant,*

—v—

## State of Indiana,

*Appellee-Plaintiff.*

Decided: September 6, 2019

Appeal from the Harrison Superior Court, No. 31D01-1803-FA-204
The Honorable Joseph L. Claypool, Judge

On Petition to Transfer from the Court of Appeals,
No. 18A-CR-2901

**Per Curiam Opinion**

Chief Justice Rush and Justice David, Justice Massa, and Justice Goff concur.
Justice Slaughter dissents with separate opinion.

**Per curiam.**

Defendant Corey Faith pleaded guilty to three counts of Class A felony child molesting and was sentenced to consecutive terms of 30 years on each count, for an executed sentence of 90 years, with 20 years suspended.

Faith appealed, arguing that his sentence was inappropriate in light of the nature of the offense and his character. Pursuant to its authority under Appellate Rule 7(B), the Court of Appeals revised Faith's sentence to concurrent 30-year terms, with no time suspended, on all three Counts. *Faith v. State*, No. 18A-CR-2901, 2019 WL 2275096 (Ind. Ct. App. May 29, 2019). In so doing, the Court of Appeals relied on this Court's opinions in *Monroe v. State*, 886 N.E.2d 578 (Ind. 2008), and *Harris v. State*, 897 N.E.2d 927 (Ind. 2008), both of which revised the defendants' enhanced 50-year sentences for multiple convictions of Class A felony child molesting to be served concurrently instead of consecutively.

The State petitioned for transfer, which we now grant, vacating the Court of Appeals decision. Ind. Appellate Rule 58(A).

The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* IND. CONST. art. 7, §§ 4, 6; *McCain v. State*, 88 N.E.3d 1066, 1067 (Ind. 2018). That authority is implemented through Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *Id.* The court's role under Rule 7(B) is to "leaven the outliers," *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008), and we reserve our 7(B) authority for exceptional cases. *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017), *reh'g denied*. "Ultimately, our constitutional authority to review and revise sentences boils down to our collective sense of what is appropriate." *Id.* at 165 (cleaned up).

The record shows that in 2005, Faith began grooming his 12-year-old student, A.B., at a time when A.B.'s mother was undergoing inpatient treatment for her mental illness and her father was working long hours to support the family. Over the course of several months, Faith had intercourse with A.B. "[e]very time we were together; almost every time."

Although A.B. lost count of the total number of times Faith had sex with her, she recalled more than 20 specific occasions, including two times when he placed her on top of his lap as he sat on the toilet, three times in the girl's locker room at the elementary school where Faith worked as a teacher, and five times in Faith's classroom after A.B. began seventh grade. When Faith was not engaging in intercourse with A.B., he fingered her vagina, had her perform oral sex on him, or had her engage in phone sex. Faith led A.B. to believe that they would elope to Tennessee, and A.B. was devastated when she learned that Faith's wife was expecting their first child.

A.B.'s mother, whose mental health issues were largely attributed to her own molestation at age 12, once informed A.B. that "she would die" if what happened to her happened to A.B. After A.B.'s mother died by suicide in 2016, A.B. "went downhill" and "started to feel like my mom … I just wanted to die." She confided in a friend, who immediately reported Faith's actions to the police and school board.

For this conduct, Faith was charged with 36 counts of Class A felony child molesting, and ultimately entered a guilty plea to three counts. While the Court of Appeals found that Faith's position of trust over A.B. "was sufficiently aggravating to justify an enhanced sentence," it instead revised his sentence to concurrent terms of 30 years — the advisory sentence for a single Class A felony conviction. 2018 WL 2275096 at *5.

Pursuant to our authority under Appellate Rule 7(B), we find a 30-year aggregate sentence to be wholly inadequate under the circumstances. On appeal, Faith cited *Monroe* and *Harris* to support his claim that consecutive sentences are inappropriate in cases involving multiple acts of molestation against a single victim. But both cases involved the revision of *enhanced*, not advisory, sentences to be served concurrently instead of consecutively. Accordingly, we revise Faith's sentences to the original consecutive 30-year terms, with 30 years suspended, for an executed sentence of 60 years.

We remand to the trial court to issue a revised sentencing order consistent with this opinion.

Rush, C.J., and David, Massa, and Goff, JJ., concur.

Slaughter, J., dissents with separate opinion.

ATTORNEY FOR APPELLANT, COREY FAITH

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE, STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Stephen R. Creason
Deputy Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

**Slaughter, J., dissenting.**

Although I disagree with the court of appeals' decision to reduce Faith's sentence, I do not believe its low-ball sentence warrants transfer. But given our determination to reach the merits of Faith's sentence, I would affirm the sentence imposed by the trial court. The defendant does not allege the trial court's sentence of three consecutive thirty-year terms, with twenty years suspended, was unlawful. In my view, that is where our sentencing review should begin and end. Once we conclude a challenged sentence was legal, I would stop there and not expend our limited resources substituting our collective view of what sentence is appropriate for that of the trial judge.