## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 23 2019, 10:12 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandin C. Wilson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 23, 2019

Court of Appeals Case No.
19A-CR-538

Appeal from the Clark Circuit
Court

The Honorable Andrew Adams,
Judge

Trial Court Cause No.
10C01-1704-F1-1

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Brandin Wilson (Wilson), appeals his sentence following his guilty plea to two Counts of child molesting, Level 1 felonies, Ind. Code § 35-42-4-3(a)(1); and one Count of child molesting, a Level 4 felony, I.C. § 35-42-4-3(b)

We affirm, in part, reverse, in part, and remand with instructions.

# ISSUES

Wilson presents two issues on appeal, which we restate as:

(1) Whether Wilson's sentence is inappropriate in light of the nature of the offenses and his character; and

(2) Whether Wilson's sentence for the Level 4 felony child molesting conviction exceeds the maximum sentence authorized by law.

# FACTS AND PROCEDURAL HISTORY

On April 8, 2017, Wilson left home in Jeffersonville, Indiana with his thirteen-year-old stepdaughter, L.M. Wilson told L.M.'s mother that he was going to a nearby liquor store with L.M. Instead, Wilson drove L.M. to another location, fondled her, and then had sexual intercourse with her in the back of his van. When L.M.'s mother became suspicious because the trip was taking long, she called Wilson. Wilson stated that the delay was due to the fact that he could

not locate his wallet. After being gone for two hours, L.M.'s mother found Wilson's wallet at home. Inside Wilson's wallet, L.M.'s mother found "a sexual agreement" dated February 13, 2017, between Wilson and L.M. which stated in part, "if anyone [sic] of us backs [out] then there will be serious consequences for the one who backs out of the deal." (Appellant's App. Conf. Vol. II, p. 21). Included in the agreement were "sexual stipulations" that L.M. had to "meet on a weekly basis." (Appellant's App. Conf. Vol. II, p. 21). In exchange for the sexual acts, the agreement specified "payment" to L.M. in the form of "rewards." (Appellant's App. Conf. Vol. II, p. 21).

[5] The following day, after Wilson had left for work, L.M.'s mother took L.M. to the hospital. After the hospital visit, L.M. and her mother went to the Jeffersonville Police Department. L.M. informed the police and the Department of Child Services that while the sexual agreement was dated February 13, 2017, the "sexual contact with [] [Wilson] had been on-going for several years." (Appellant's App. Conf. Vol. II, p. 21). Wilson was later arrested and questioned. At first, Wilson denied engaging in any sexual acts with L.M., however, he subsequently admitted to having sexual intercourse with L.M. in the van on April 7, 2017, and to writing the sexual agreement.

[6] On April 13, 2017, the State filed an Information, charging Wilson with Level 1 felony child molesting and Level 4 felony child molesting. On August 11, 2017, the State filed an amended Information, adding two Counts of Class A felony child molesting and four Counts of Level 1 felony child molesting.

[7] On November 15, 2018, Wilson entered into a "blind plea," whereby he agreed to plead guilty to two Counts of Level 1 felony child molesting and one Count of Level 4 felony child molesting. (Appellant's App. Vol. II, p. 119). In exchange, the State agreed to dismiss the remaining charges, two Class A felonies and three Level 1 felonies. The parties also agreed to cap Wilson's sentence at eighty-five years. The trial court subsequently ordered a presentence investigation report (PSI).

[8] On January 31, 2019, the trial court conducted a sentencing hearing, and for unknown reasons, the sentencing record was not saved. On February 22, 2019, the trial court conducted another sentencing hearing for purposes of formulating a record. After accepting his guilty plea, the trial court determined that the aggravating factors included that Wilson had violated a position of trust and that he had threatened L.M. to ensure her silence. The trial court found it mitigating that Wilson had a limited criminal history, and he had taken responsibility by pleading guilty. The trial court then sentenced Wilson to consecutive forty-year sentences with five years suspended to probation for the two Level 1 felonies, and to a concurrent eighteen-year sentence with three years suspended to probation for the Level 4 felony conviction. Wilson's aggregate sentence is eighty years.

[9] Wilson now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Inappropriate Sentence*

Wilson argues that his aggregate eighty-year sentence for his two Level 1 felony and one Level 4 felony child molesting convictions is inappropriate. Specifically, he contends that his consecutive sentences were inappropriate because he had no prior criminal convictions, he pleaded guilty, and he did not physically harm L.M.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. Whether a sentence is inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

[12] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. For his Level 1 felony child molesting offenses, Wilson faced a sentencing range of twenty to forty years, with the advisory sentence being thirty years. I.C. § 35-50-2-4. The trial court sentenced Wilson to consecutive forty-year terms, with ten years suspended to probation, for the two Level 1 felonies. For his Level 4 felony child molesting conviction, Wilson faced a sentencing range of two to twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5.5. The trial court sentenced Wilson to a concurrent sentence of eighteen years with three years suspended to probation, for an aggregate sentence of eighty years.[1]

[13] Regarding the nature of Wilson's offenses, on April 8, 2017, while Wilson was having sexual intercourse with L.M. in the back of his van, L.M.'s mother found a sexual agreement in Wilson's wallet indicating that Wilson and L.M. had an ongoing sexual relationship. The agreement contained sexual stipulations which L.M. had to meet on a weekly basis, and in exchange for the sexual acts, Wilson offered payments in the form of rewards. The sexual agreement also threatened "serious consequences" if L.M. failed to attain her weekly target. (Appellant's App. Vol. II, p. 22). While the agreement was dated February 13, 2017, when L.M. was questioned by the police about the

---

[1] This sentence exceed the statutory limits, and we will address that issue in the section below.

abuse, L.M. stated that it had been going on for years. It appears that Wilson began having sexual intercourse with L.M. when she was about nine years old, and it lasted for nearly four and one-half years before the abuse was detected.

[14] As for his character, we note that Wilson maintained steady employment prior to being charged with the instant offenses. Wilson's friends and family also attested to his positive character traits. While the trial court noted that Wilson's criminal history was limited, Wilson had been previously charged with sexual misconduct with a minor in 2002, albeit those charges had been dismissed. This indeed reflects poorly on Wilson's character. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (holding that while a record of arrests may not be used as evidence of criminal history, it can be "relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime."). While it is true that Wilson accepted responsibility for his actions by pleading guilty, Wilson obtained a significant benefit by doing so. As noted, Wilson had been charged with two other Class A felonies, and three Level 1 felonies. In exchange for his plea, the State dismissed those charges. Furthermore, Wilson's potential sentencing exposure was further limited by the terms of his plea agreement which capped his sentence at eighty-five years. The trial court sentenced Wilson in accordance with this agreement, imposing an aggregate term of less than the maximum permitted under the terms of the agreement.

[15] Nevertheless, Wilson attempts to minimize the nature of his offenses by arguing that the molestations were directed to one victim. Therefore, he suggests that

the imposition of consecutive sentences was inappropriate and cites cases where this court and our supreme court have revised consecutive sentences to concurrent sentences where the sentences for child molesting convictions involved the same victim. In particular, Wilson relies on *Monroe v. State*, 886 N.E.2d 578 (Ind. 2008), *Harris v. State*, 897 N.E.2d, 927 (Ind. 2008), and *Laster v. State*, 918 N.E.2d, 428 (Ind. 2003).

[16] In *Monroe v. State*, 886 N.E.2d 578 (Ind. 2008), Monroe was convicted of five Counts of Class A felony child molesting. *Id*. The trial court sentenced him to twenty-two years on each Count with two years suspended to probation and ordered the sentences to be served consecutively for an aggregate sentence of 100 years. *Id*. In considering the nature of the offenses on appeal, our supreme court noted that Monroe was in a position of trust with his victim and molested the child repeatedly for over two years. *Id*. at 580. However, the court also observed that the five Counts were identical and involved the same child. *Id*. Regarding Monroe's character, the court noted that although he had a prior criminal history, all of his convictions were driving related, so his criminal history did not justify the imposition of consecutive sentences. *Id*. Based on these facts and circumstances, the supreme court concluded that the nature of the offenses and Monroe's character warranted enhanced, but not consecutive, sentences. *Id*. at 581. The supreme court revised Monroe's sentence to a maximum fifty-year term for each of the five Counts but ordered that they be served concurrently. *Id*.

[17]     In *Harris v. State*, 897 N.E.2d 927 (Ind. 2008), the defendant was convicted of two Counts of child molesting, Class A felonies, and was sentenced to consecutive terms of fifty years on each Count. Three aggravators were present in *Harris*: (1) the defendant was in a position of trust; (2) the defendant committed multiple acts of sexual misconduct other than the crimes charged; and (3) the defendant's criminal history. Our supreme court found "the ongoing nature of Harris's crimes coupled with his position of trust sufficiently aggravating to justify enhanced sentences." *Id.* at 930. However, the court also observed that the two Counts of child molestation were identical and involved the same child. *Id.* And although the defendant had a criminal history, the court found that history sufficiently different in nature and gravity such that it was not a significant aggravator. *Id.* In the end, our supreme court held the aggravating circumstances were sufficient to warrant enhanced sentences but not consecutive ones, and the court revised the defendant's sentence to fifty years on each Count to be served concurrently. *Id.*

[18]     Finally, in *Laster v. State*, 918 N.E.2d, 428 (Ind. Ct. App. 2009), Laster was convicted of two Counts of child molesting, Class A felonies, and four Counts of child molesting, Class C felonies. *Id.* at 430. The trial court found the following mitigating circumstances: (1) that a lengthy incarceration would place a burden on Laster's family; and (2) Laster had no criminal history. *Id.* at 432. The trial court, however, imposed consecutive thirty-year sentences for each of the two Class A felony child molesting convictions, and four-year terms for each of the four Class C felony convictions, with one of those terms to be

served consecutively and the remainder to be served concurrently with the remaining terms, for an aggregate sentence of sixty-four years. *Id.* On appeal, this court found that the circumstances in *Laster* warranted a similar result to that reached by our supreme court in *Harris*. *Id.* We determined given that Laster's lack of criminal history and steady employment together with the facts that there was one victim and no uncharged sexual misconduct, his consecutive sentences were inappropriate. *Id.* Thus, we revised Laster's sentences to concurrent terms of thirty-six years on each of the two Class A felony convictions and six years on each of the four class C felony convictions. *Id.*

[19] In response, the State argues that Wilson's threat to force L.M. into submission and silence, sets Wilson's case apart from *Harris, Monroe,* and *Laster*. In *Ludack v State*, 967 N.E.2d 41,49 (Ind. Ct. App. 2012), we noted that "[w]hether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences if for no other reason than to preserve potential deterrence of subsequent offenses. Similarly, additional criminal activity directed to the same victim should not be free of consequences." (citing *Cardwell*, 895 N.E.2d at 1225.) Here, one of the factors cited in *Ludack,* additional criminal activity directed to the same victim, is relevant in the present case. The record shows that in 2017, Wilson's abuse of L.M. was accompanied by threats, as evidenced by the sexual agreement drafted by Wilson in February 2017. Such threats were reprehensible attempts by Wilson to control L.M. and to maintain L.M.'s silence as he continued to molest her. There is no indication that the molestation otherwise would have stopped, and

it only stopped after he was detected. At sentencing, the trial court discussed the fact that Wilson had threatened L.M. when it discussed the undisputed position of trust aggravating circumstance and in reference to the nature and circumstances of the crimes.

[20] In 2002, Wilson was charged with two Counts of sexual misconduct with a minor, however, those charges were later dismissed. We find that Wilson's past criminal history, even though limited, separates his case from the cited cases since Wilson's prior criminal record relates to sexual offenses. For instance, in *Laster*, Laster had no criminal history. *Laster*, 918 N.E.2d at 436. In *Monroe*, Monroe's criminal history consisted only of driving-related offenses. *Monroe*, 886 N.E.2d at 580. Finally, *in Harris,* our supreme court observed that while Harris had a criminal history, none of them were prior sex offenses and that factor warranted a reduced sentence—two Class D felony theft convictions and numerous driving traffic violations. *Harris*, 897 N.E.2d at 930.

[21] Wilson's preying upon his stepdaughter spanned close to half a decade. He robbed a young, innocent girl of her childhood and forced her to experience things that no child should experience. Wilson also made L.M. sign an agreement where she stipulated to meeting Wilson's sexual needs on a weekly basis. All things considered, we cannot say that Wilson's eighty-year aggregate sentence is inappropriate in light of the nature of the offenses and his character.

## II. *Level 4 Felony Sentence*

[22] Lastly, Wilson argues, and the State concedes, that the trial court erred by sentencing him in excess of the statutory maximum sentence for a Level 4 felony. A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization. A sentence that exceeds statutory authority constitutes fundamental error." *Reffett v. State*, 844 N.E.2d 1072, 1073 (Ind. Ct. App. 2006) (citations omitted).

[23] For his Level 4 felony child molesting conviction, Wilson faced a sentencing range of two to twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5.5. The trial court sentenced Wilson to a concurrent eighteen-year sentence with three years suspended to probation. This is an illegal sentence since it is in excess of the statutory maximum, *i.e.*, three years above the maximum sentence for a Level 4 felony. Thus, we reverse the sentence imposed, and remand to the trial court for a sentencing order that does not exceed the statutory maximum.

# CONCLUSION

[24] Based on the foregoing, we conclude that the eighty-year aggregate sentence is not inappropriate considering the nature of the offenses and his character. Further, we conclude that Wilson's Level 4 felony sentence exceeds the statutory maximum, therefore we reverse, and we remand to the trial court to enter a sentence that does not exceed the statutory maximum.

[25] Affirmed, in part, reversed, in part, and remanded with instructions.

[26] Vaidik, C. J. and Bradford, J. concur