## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2020, 11:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Lemon
Knox, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elven McCarty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 31, 2020

Court of Appeals Case No.
19A-CR-1850

Appeal from the
Starke Circuit Court

The Honorable
Kim Hall, Judge

Trial Court Cause Nos.
75C01-1804-FA-1
75C01-1804-F4-3

**Vaidik, Judge.**

# Case Summary

[1]    Elven McCarty appeals his convictions and seventy-seven-year sentence for child molesting, incest, and sexual battery. He argues that the evidence is insufficient to support his convictions and that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2]    In October 2017, McCarty's daughter, sixteen-year-old R.M., reported to friends and then to authorities that McCarty had been sexually abusing her since she was nine years old. After a five-month investigation, the State charged McCarty with ten counts: Count 1, child molesting as a Class A felony; Count 2, child molesting as a Class A felony; Count 3, incest as a Class B felony; Count 4, incest as a Class B felony; Count 5, incest as a Class B felony; Count 6, child molesting as a Class C felony; Count 7, sexual misconduct with a minor as a Level 4 felony; Count 8, incest as a Level 4 felony; Count 9, incest as a Level 4 felony; and Count 10, sexual battery as a Level 6 felony.

[3]    A jury trial was held in December 2018. R.M. testified that McCarty performed oral sex on her "a few" times starting when she was "[a]bout 9." Tr. Vol. II p. 192. When R.M. was eleven, McCarty started having her perform oral sex on him "[a] lot," and he would ejaculate in her mouth. *Id.* at 197. McCarty began having anal sex with R.M. when she was "[a]bout 12 or 13."

*Id.* at 198. R.M. could not remember how many times McCarty had anal sex with her, but it was "more than once." *Id.* at 211. She would ask him to stop because "it hurt." *Id.* After the first time, R.M. "was bleeding." *Id.* at 210. When R.M. was "about, like, 14," McCarty started rubbing his penis on her vagina. *Id.* at 212. McCarty did this "a lot" of times. *Id.* at 213. In 2017, when R.M. was sixteen years old, McCarty began having vaginal intercourse with her "at least once a week." *Id.* at 220. R.M. testified, "He told me that either I was going to do it or he was going to kill me." *Id.* at 218. The last time was on October 26, 2017. After that, R.M. reported the abuse to a friend, which led to the police investigation.

[4] The jury found McCarty guilty on Counts 1, 2, 3, 4, 5, 6, 9, and 10 and not guilty on Counts 7 and 8. To avoid double jeopardy, the trial court vacated the guilty verdicts on Counts 3, 4, and 6 and entered convictions on only Counts 1, 2, 5, 9, and 10. In sentencing McCarty, the court found two aggravating circumstances: (1) McCarty was in a position having care, custody, or control of R.M. and (2) the harm, injury, loss, or damage suffered by R.M. was significant and greater than the elements necessary to prove the commission of the offenses. The court also found two mitigating circumstances: (1) McCarty led a law-abiding life for a substantial period before his sexual abuse of R.M. and (2) McCarty has significant family support. Finding that the aggravators "far outweigh" the mitigators, Appellant's App. Vol. II p. 51, the trial court imposed a sentence of seventy-seven years: consecutive advisory sentences of

thirty years for Count 1, thirty years for Count 2, ten years for Count 5, six years for Count 9, and one year for Count 10.

[5] McCarty now appeals.

# Discussion and Decision

[6] McCarty raises two issues on appeal. He contends that the State did not present sufficient evidence to support his convictions and that, even if it did, his sentence is inappropriate.

# I. Sufficiency of Evidence

[7] McCarty first argues that the evidence is insufficient to support his convictions. Specifically, he asserts that R.M.'s testimony was not believable. McCarty acknowledges that appellate courts generally will not judge witness credibility, but he invokes the incredible-dubiosity rule. Under that rule, we can judge a witness's credibility where there is inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony that is so incredibly dubious that no reasonable person could believe it. *See Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). Because we are hesitant to impinge upon the factfinder's role, application of this rule is rare. *Id.*

[8] McCarty's argument that R.M.'s testimony was incredibly dubious fails at the outset. His brief does not include a single citation to the nearly 500-page trial transcript, let alone to R.M.'s testimony. We will not scour the record to determine whether the evidence supports McCarty's conclusory claim. *See* Ind.

Appellate Rule 46(A)(8)(a) (requiring that each contention be supported by citations to "the Appendix or parts of the Record on Appeal relied on").

[9] In any event, McCarty's argument would not justify application of the incredible-dubiosity rule. His entire argument is as follows:

> For all of the years alleged by the victim, two (2) adults and four (4) children lived in this small three (3) bedroom home. But with all of these people living in this small home, nobody saw or heard anything regarding any of the encounters described by R.M. In addition, R.M. would have had numerous opportunities over the supposed several year period to tell anyone about these allegations but did not. She chose to list these allegations after her father had grounded her for having sexual relations with her older boyfriend in the family's business located in Starke County. In addition, there was no medical evidence to back up whether or not any of these actions by her Father had actually occurred. R.M.'s story is inherently improbable, incredibly dubious and utterly impossible to believe.

Appellant's Br. pp. 9-10. These facts—no one else who lived in the house was aware of any abuse, it took a long time for R.M. to disclose the abuse, and there was no medical evidence—are common in molestation cases and by no means make R.M.'s testimony incredibly dubious. Not surprisingly, McCarty does not cite any authority suggesting otherwise. We affirm McCarty's convictions.

## II. Sentence

[10] McCarty also contends that his sentence is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[11] As an initial matter, McCarty, who is forty-four years old, asserts that he "will not be eligible for release until the approximate age of 84" with good-time credit, that this amounts to a life sentence, and that we should therefore proceed as though he received the "de facto maximum possible sentence." Appellant's Br. p. 12. He cites the principle that "maximum sentences should generally be reserved for the worst offenses and offenders," *Mishler v. State*, 894 N.E.2d 1095, 1104 (Ind. Ct. App. 2008), and contends that he "did not commit the worst of offenses" and that he is not "the worst of offenders," Appellant's Br. p. 12. That might be true (McCarty had no felony convictions before this case), but he does not cite any authority supporting his claim that every sentence that will keep the defendant in prison until age eighty-four should be treated as the maximum sentence. Moreover, the trial court did not even impose the maximum sentence for any of the individual counts, let alone the maximum total sentence. Rather, it imposed the advisory sentence for each individual

count. That resulted in a total sentence of seventy-seven years, while the actual maximum sentence the court could have imposed was 134 1/2 years (fifty years for each of the two Class A felonies, Ind. Code § 35-50-2-4; twenty years for the Class B felony, Ind. Code § 35-50-2-5; twelve years for the Level 4 felony, Ind. Code § 35-50-2-5.5; and two-and-a-half years for the Level 6 felony, Ind. Code § 35-50-2-7). For these reasons, we reject McCarty's invitation to treat his sentence as the "maximum possible sentence."

[12] Regarding the nature of the offenses, McCarty contends: "There is nothing in the record about how McCarty allegedly committed the crimes that makes them more egregious than is inherent in any child molesting offense. In particular, McCarty did not physically brutalize or harm the victim in any manner not already inherent in the nature of these offenses." Appellant's Br. p. 12. That is not true, as the trial court explained so well in its finding of aggravating factors:

> The Court finds as an aggravating factor that the Defendant was in a position having care, custody, or control of the victim of the offense. The Court further finds that the harm, injury, loss, or damage suffered by the victim of the Defendant's crimes upon her was significant and greater than the elements necessary to prove the commission of the offenses. The testimony given by the victim during the trial was that her father, the Defendant, routinely engaged in sexual activity with her in their home, beginning at the age of nine (9), and engaged in that harmful and felonious behavior several times a week over a period of five (5) years. Nevertheless, even if the frequency was only twice a week, the Defendant engaged in such destructive behavior over five hundred (500) times. The victim gave a statement at the Sentencing Hearing explaining that she has been to two (2) therapists, but they have provided no help to her. She also

explained that by reporting her father's crimes, and testifying at the jury trial, she has been alienated from her immediate family members. She has lost her home, the love of her family, and much of her identity since revealing her father's sexual crimes to legal authorities. There is little reason to believe that the impact on the victim of the Defendant's crimes will last less than her entire lifetime. Such destructive and harmful criminal activity perpetrated upon an innocent child with such regularity over such a lengthy period of the child's life, constitutes an aggravating factor for which this Court is compelled to attribute the most significant weight possible.

Appellant's App. Vol. II p. 50.

[13] As for McCarty's character, it is true—as the trial court found—that his criminal history is minimal, consisting only of misdemeanor convictions in 1994, 2000, and 2005. However, that history must be balanced against McCarty's disturbing and sustained abuse of his daughter, which of course reflects very poorly on his character.

[14] McCarty directs us to eight sexual-abuse cases in which Indiana's appellate courts revised sentences from consecutive to concurrent. *Rivers v. State*, 915 N.E.2d 141 (Ind. 2009); *Tyler v. State*, 903 N.E.2d 463 (Ind. 2009); *Harris v. State*, 897 N.E.2d 927 (Ind. 2008); *Monroe v. State*, 886 N.E.2d 578 (Ind. 2008); *Prickett v. State*, 856 N.E.2d 1203 (Ind. 2006); *Walker v. State*, 747 N.E.2d 536 (Ind. 2001); *Laster v. State*, 918 N.E.2d 428 (Ind. Ct. App. 2009); *Kien v. State*, 782 N.E.2d 398 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*. However, he does not address the particular facts and circumstances of five of those cases. The other three cases are distinguishable from this case. In *Harris*, the trial

court had imposed consecutive maximum sentences of fifty years each for two counts of Class A felony child molesting. 897 N.E.2d at 928. McCarty received the advisory sentence for each of his crimes. In *Monroe*, the defendant's abuse of the victim lasted two years. 886 N.E.2d at 578. McCarty abused R.M. for seven years. In *Laster*, the defendant molested the victim "between five and ten times," 918 N.E.2d at 430, the crimes did not "appear to have occurred over a lengthy period of time," *id.* at 435, and there was "no evidence that there was other uncharged sexual misconduct on Laster's part," *id*. The same cannot be said here. In addition, none of those cases involved a father's sexual abuse of his own child, as occurred here. McCarty has failed to convince us that the imposition of consecutive advisory sentences in this case was inappropriate.

Affirmed.

May, J., and Robb, J., concur.